IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| EDWARD T. FURNACE, | ) | No. C 12-0873 LHK (PR) |
| Plaintiff, | ) ) | ORDER OF SERVICE; ORDER DIRECTING |
| v. | ) ) | DEFENDANTS TO FILE DISPOSITIVE MOTION OR |
| G. GIURBINO, et al., | ) ) | NOTICE REGARDING SUCH MOTION |
| Defendants. | ) ) | |

Plaintiff, a state prisoner proceeding *pro se*, filed a civil rights complaint against prison officials at Salinas Valley State Prison ("SVSP") and Corcoran State Prison ("CSP"), pursuant to 42 U.S.C. § 1983. For the reasons stated below, the Court dismisses several Defendants, including CSP Defendants, and orders service upon the remaining named Defendants.

**DISCUSSION**

A.  Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a Defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v.*

*Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

B.   Legal Claims

Plaintiff alleges that he has been improperly assigned to the Secured Housing Unit for an indefinite amount of time. Plaintiff claims that Defendants Martinez and Valdez, Institutional Gang Investigators, retaliated against him for litigating an unrelated federal case, *Furnace v. Evans*, No. 06-4229 MMC (PR), by initiating a gang validation procedure. According to Plaintiff, Valdez and Martinez proffered that they had evidence linking Plaintiff to the Black Guerrilla Family ("BGF") prison gang. Defendants K. Berkler, R.S. Marquez, and E.W. Fischer ultimately validated Plaintiff as an active member of the BGF. Plaintiff argues that the evidence used to validate him was insufficient. Liberally construed, Plaintiff has stated cognizable claims of retaliation and due process.

To the extent Plaintiff argues that his administrative appeals were wrongly handled, this allegation fails to state a claim. There is no constitutional right to a prison or jail administrative appeal or grievance system in California. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988); Cal. Code Regs. tit. 15, § 3084.1. Plaintiff has no federal constitutional right to a properly functioning appeal system. An incorrect decision on an administrative appeal or failure to handle it in a particular way therefore did not amount to a violation of his right to due process. Thus, this claim, and Defendants Appeals Coordinator J. Hutchins, Appeals Coordinator K.J. Allen, and Chief of Appeals D. Foston are DISMISSED.

Plaintiff includes in his complaint the following Defendants employed at Corcoran State Prison: Warden C. Gibson, R.M. Diaz, Chief Deputy Warden R. S. Lambert, and Institutional Gang Investigator Lieutenant D. Ruiz. However, because the claims concerning these Defendants relate to the conditions of confinement at Corcoran State Prison, these claims must

be brought in a separate lawsuit in the United States District Court of the Eastern District of California, the proper venue for the claims arising in Kings County, where Corcoran State Prison in located. *See* 28 U.S.C. § 1391(b). Accordingly, Defendants Warden C. Gibson, R.M. Diaz, Chief Deputy Warden R. S. Lambert, and Institutional Gang Investigator Lieutenant D. Ruiz are DISMISSED.

Plaintiff also names G. Giurbino, the Director of California Department of Rehabilitation and Corrections ("CDCR"). However, Plaintiff does not allege any facts demonstrating that G. Giurbino violated his federal rights, but seems to claim that G. Giubino is liable based on the conduct of his subordinates. There is, however, no respondeat superior liability under Section 1983 solely because a defendant is responsible for the actions or omissions of another. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). A supervisor generally "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Id.* A supervisor may also be held liable if he or she implemented "a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." *Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc).

Plaintiff's claim against G. Giurbino is therefore dismissed with leave to amend. He may file an amendment to the complaint within thirty days of the filing date of this order that alleges supervisory liability, if he truthfully can do so, under the standards explained above.

## CONCLUSION

For the foregoing reasons, the Court hereby orders as follows:

1. Defendants Appeals Coordinators J. Hutchins, and K.J. Allen; Chief of Appeals D. Foston, Warden C. Gibson, R.M. Diaz, Chief Deputy Warden R. S. Lambert, and Institutional Gang Investigator Lieutenant D. Ruiz are DISMISSED. Defendant G. Giubino is DISMISSED with leave to amend.

2. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint and all attachments thereto (docket no. 1), and a copy of this Order to **Institutional Gang**

**Investigators M. Valdez and R.L. Martinez; and Office of Correctional Safety employees K. Berkler, R.S. Marquez, and E.W. Fischer** at **Salinas Valley State Prison.**

The Clerk of the Court shall also mail a courtesy copy of the second amended complaint and a copy of this Order to the California Attorney General's Office. Additionally, the Clerk shall mail a copy of this Order to Plaintiff.

3. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause be shown for their failure to sign and return the waiver form. If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before **sixty (60) days** from the date on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendants are asked to read the statement set forth at the bottom of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due **sixty (60) days** from the date on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed, whichever is later.

4. No later than **ninety (90) days** from the date of this order, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the cognizable claims in the second amended complaint.

   a. If Defendants elect to file a motion to dismiss on the grounds that Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), Defendants <u>shall</u> do so in an unenumerated Rule 12(b) motion pursuant to *Wyatt v. Terhune*, 315 F.3d 1108, 1119-20 (9th Cir. 2003).

   b. Any motion for summary judgment shall be supported by adequate factual

documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure.  **<u>Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute.  If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due.</u>**

5. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is filed.

   a. In the event Defendants file an unenumerated motion to dismiss under Rule 12(b), Plaintiff is hereby cautioned as follows:[1]

> The defendants have made a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, on the ground you have not exhausted your administrative remedies.  The motion will, if granted, result in the dismissal of your case.  When a party you are suing makes a motion to dismiss for failure to exhaust, and that motion is properly supported by declarations (or other sworn testimony) and/or documents, you may not simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or documents, that contradict the facts shown in the defendant's declarations and documents and show that you have in fact exhausted your claims.  If you do not submit your own evidence in opposition, the motion to dismiss, if appropriate, may be granted and the case dismissed.

   b. In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that the following notice should be given to plaintiffs:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed.  A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants'

---

[1] The following notice is adapted from the summary judgment notice to be given to pro se prisoners as set forth in *Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  *See Wyatt v. Terhune*, 315 F.3d at 1120 n.14.

declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

See *Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).

6. Defendants shall file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

7. The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the Court so orders at a later date.

8. All communications by the Plaintiff with the Court must be served on Defendants or Defendants' counsel, by mailing a true copy of the document to Defendants or Defendants' counsel.

9. Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further Court order is required before the parties may conduct discovery.

10. It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court and all parties informed of any change of address and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: 5/30/12

LUCY H. KOH
United States District Judge

Order of Service; Directing Defendant to File Dispositive Motion or Notice Regarding Such Motion
G:\PRO-SE\SJ.LHK\CR.12\Furnace873srv.wpd         6