IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD T. FURNACE,<br><br>    Plaintiff,<br><br>  v.<br><br>G. GIURBINO, et al.,<br><br>    Defendants. | No. C 12-0873 LHK (PR)<br><br>ORDER REISSUING SERVICE |

      Plaintiff, a state prisoner proceeding *pro se*, filed a civil rights complaint against prison officials at Salinas Valley State Prison ("SVSP") and Corcoran State Prison ("CSP"), pursuant to 42 U.S.C. § 1983. The Court ordered service of Plaintiff's civil rights complaint upon Defendants. (Docket No. 8.) Requests for Waiver of Service of Summons were returned for all Defendants except **Defendants E.W. Fisher, K. Berkler,** and **R.S. Marquez**. The Court informed the Plaintiff that it was his responsibility to provide the information necessary to locate **Defendants E.W. Fisher, K. Berkler,** and **R.S. Marquez**. (Docket No. 23.) The Court also requested that the Litigation Coordinator at SVSP to provide more information about the employment status of these Defendants. Counsel for served Defendants contacted the Litigation Coordinator to obtain this additional information. (Docket No. 26.) Counsel was provided with the following:

Order Reissue of Service
G:\PRO-SE\SJ.LHK\CR.12\Furnace873svc_reissue.wpd

1.   **Defendant Everett W. Fischer** currently works as a Senior Special Agent at the Office of Correctional Safety (OCS) of the California Department of Corrections and Rehabilitation (CDCR). The last known address for him is 1515 "S" Street, Room 201-N, Sacramento, California 94283-0001.

2.   **Defendant Robert S. Marquez** currently works as a Special Agent at OCS. The last known address for him is 1515 S Street, Room 201-N, Sacramento, California 94283-0001.

3.   **Defendant Keri Berkler** currently works as a Senior Special Agent at the Special Services Unit of the CDCR. The last known address for him is 2880 Sunrise Boulevard, Suite 3130, Rancho Cordova, California 95742.

Given the additional information provided for the unserved Defendants, the Court orders the following:

1.   The Clerk of the Court is directed to mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Wavier of Service of Summons, a copy of the complaint, (docket no. 1) and all attachments thereto, and a copy of this order to **Defendant Everett W. Fischer, Senior Special Agent** and **Defendant Robert S. Marquez, Special Agent** at the **Office of Correctional Safety of the California Department of Corrections and Rehabilitation** located at **1515 "S" Street, Room 201-N, Sacramento, California 94283-0001**, and to **Defendant Keri Berkler, Senior Special Agent** at the **Special Services Unit of the California Department of Corrections and Rehabilitation** located at **2880 Sunrise Boulevard, Suite 3130, Rancho Cordova, California 95742.**

2.   The Clerk of the Court shall also mail a courtesy copy of the complaint and a copy of this Order to **Sahar Nayeri, Office of the Attorney General, 455 Golden Gate Ave., Suite 11000, San Francisco, CA 94102**

3.   Additionally, the Clerk shall mail a copy of this Order to the Plaintiff.

4.   Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint.

Order Reissue of Service
G:\PRO-SE\SJ.LHK\CR.12\Furnace873svc_reissue.wpd   2

Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause be shown for their failure to sign and return the waiver form. If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before **sixty (60) days** from the date on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due **sixty (60) days** from the date on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed, whichever is later.

    5.    No later than **ninety (90) days** from the date of this order, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the cognizable claims in the second amended complaint.

        a.    If Defendants elect to file a motion to dismiss on the grounds that Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), Defendant <u>shall</u> do so in an unenumerated Rule 12(b) motion pursuant to *Wyatt v. Terhune*, 315 F.3d 1108, 1119-20 (9th Cir. 2003).

        b.    Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. **Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due.**

    6.    Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **thirty (30) days** from the date Defendants' motion is filed.

Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff without a trial. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); *Brydges v. Lewis*, 18 F.3d 651, 653 (9th Cir. 1994).

    7.    Defendants <u>shall</u> file a reply brief no later than **fifteen (15) days** after Plaintiff's opposition is filed.

    8.    The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

    9.    It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court and all parties informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

    IT IS SO ORDERED.

DATED: 8/27/12

LUCY H. KOH
United States District Judge