IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| EDWARD T. FURNACE, | ) | No. C 12-0873 LHK (PR) |
| | ) | |
| Plaintiff, | ) | ORDER OF SERVICE; |
| | ) | ORDER DIRECTING |
| v. | ) | DEFENDANTS TO FILE |
| | ) | DISPOSITIVE MOTION OR |
| G. GIURBINO, et al., | ) | NOTICE REGARDING SUCH |
| | ) | MOTION |
| Defendants. | ) | |
| | ) | |

      Plaintiff, a state prisoner proceeding *pro se*, filed a second amended civil rights complaint against prison officials at Salinas Valley State Prison pursuant to 42 U.S.C. § 1983. For the reasons stated below, the Court and orders service upon the Defendant G. Giurbino, the only named Defendant not yet served.

**DISCUSSION**

A.   <u>Standard of Review</u>

      A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a Defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v.*

1 *Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

2       To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:
3 (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that
4 the alleged violation was committed by a person acting under the color of state law. *See West v.*
5 *Atkins*, 487 U.S. 42, 48 (1988).

6 B.    <u>Legal Claims</u>

7       Plaintiff alleges that he has been improperly assigned to the Secured Housing Unit for an
8 indefinite amount of time.  Plaintiff claims that Defendants Martinez and Valdez, Institutional
9 Gang Investigators, retaliated against him for litigating an unrelated federal case, *Furnace v.*
10 *Evans*, No. 06-4229 MMC (PR), by initiating a gang validation procedure.  According to
11 Plaintiff, Valdez and Martinez proffered that they had evidence linking Plaintiff to the Black
12 Guerrilla Family ("BGF") prison gang.  Defendants K. Berkler, R.S. Marquez, and E.W. Fischer
13 ultimately validated Plaintiff as an active member of the BGF.  Plaintiff argues that the evidence
14 used to validate him was insufficient.  Plaintiff also alleges that Defendant Giurbino is liable as a
15 supervisor.  Liberally construed, Plaintiff has stated cognizable claims of a right against
16 retaliation, violations of his right to due process and the Equal Protection Clause, and a violation
17 of his First Amendment rights.

18       To the extent Plaintiff claims that Defendants violated the Eighth Amendment, that claim
19 is DISMISSED for failure to state a claim.  An indeterminate sentence in administrative
20 segregation, without more, does not constitute cruel and unusual punishment in violation of the
21 Eighth Amendment.  *See Anderson v. County of Kern*, 45 F.3d 1310, 1315-16 (9th Cir. 1995) (no
22 contact with any other inmate in administrative segregation, either for exercise, day room access
23 or otherwise not cruel and unusual punishment); *Toussaint v. Yockey*, 722 F.2d 1490, 1494 n.6
24 (9th Cir. 1984) (more than usual hardships associated with administrative segregation required to
25 state Eighth Amendment claim).

26 **CONCLUSION**

27       For the foregoing reasons, the Court hereby orders as follows:

28       1.      The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of

1  Service of Summons, two copies of the Waiver of Service of Summons, a copy of the second
2  amended complaint and all attachments thereto (docket no. 43), and a copy of this Order to
3  **Director G. Giurbino** at **the California Department of Corrections and Rehabilitation.**
4        The Clerk of the Court shall also mail a courtesy copy of the second amended complaint
5  and a copy of this Order to the California Attorney General's Office. Additionally, the Clerk
6  shall mail a copy of this Order to Plaintiff.
7        2.      Defendant Giurbino cautioned that Rule 4 of the Federal Rules of Civil Procedure
8  requires them to cooperate in saving unnecessary costs of service of the summons and complaint.
9  Pursuant to Rule 4, if Defendant Giurbino, after being notified of this action and asked by the
10 Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required
11 to bear the cost of such service unless good cause be shown for their failure to sign and return
12 the waiver form. If service is waived, this action will proceed as if Defendant Giurbino had been
13 served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendant
14 Giurbino will not be required to serve and file an answer before **sixty (60) days** from the date on
15 which the request for waiver was sent. (This allows a longer time to respond than would be
16 required if formal service of summons is necessary.) Defendant Giurbino is asked to read the
17 statement set forth at the bottom of the waiver form that more completely describes the duties of
18 the parties with regard to waiver of service of the summons. If service is waived after the date
19 provided in the Notice but before Defendant Giurbino has been personally served, the Answer
20 shall be due <u>**sixty (60) days**</u> from the date on which the request for waiver was sent or <u>**twenty
21 (20) days**</u> from the date the waiver form is filed, whichever is later.
22       3.      No later than **ninety (90) days** from the date of this order, Defendants shall file a
23 motion for summary judgment or other dispositive motion with respect to the cognizable claims
24 in the second amended complaint.
25       a.      If Defendants elect to file a motion to dismiss on the grounds that Plaintiff
26 failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a),
27 Defendants <u>shall</u> do so in an unenumerated Rule 12(b) motion pursuant to *Wyatt v. Terhune*, 315
28 F.3d 1108, 1119-20 (9th Cir. 2003).

    b. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure.  **Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute.  If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due.**

    4. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is filed.  Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).

    5. Defendants shall file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

    6. The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the Court so orders at a later date.

    7. All communications by the Plaintiff with the Court must be served on Defendants or Defendants' counsel, by mailing a true copy of the document to Defendants or Defendants' counsel.

    8. Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further Court order is required before the parties may conduct discovery.

    9. It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court and all parties informed of any change of address and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

  IT IS SO ORDERED.

DATED: _2/6/13_

                LUCY H. KOH
                United States District Judge