IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| EDWARD T. FURNACE, | ) | No. C 12-0873 LHK (PR) |
| Plaintiff, | ) ) | ORDER GRANTING DEFENDANTS' MOTION TO |
| v. | ) ) | DISMISS |
| G. GIURBINO, et al., | ) ) | |
| Defendants. | ) ) | |

    Plaintiff, a state prisoner proceeding *pro se*, filed a second amended civil rights complaint ("SAC") against prison officials pursuant to 42 U.S.C. § 1983. In his SAC, plaintiff alleges that defendants violated his right to due process, the Equal Protection Clause, plaintiff's First Amendment right to publications, and right to be free from retaliation. Defendants have filed a motion to dismiss based on res judicata and collateral estoppel, failure to state a claim, and qualified immunity. Plaintiff has filed an opposition, and defendants have filed a reply.[1]

---

[1] Both parties have also filed requests for judicial notice. Defendants' request (doc. no. 54) is GRANTED. Plaintiff's request for judicial notice in support of his opposition to defendants' motion to dismiss is GRANTED. (Doc. No. 75.) Plaintiff's request for judicial notice in support of his SAC is DENIED because plaintiff's exhibit does not appear to be relevant to the underlying proceedings. (Doc. No. 80.) *See Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (recognizing that a district court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.").

Order Granting Defendants' Motion to Dismiss
G:\PRO-SE\LHK\CR.12\Furnace873mtd.wpd

**BACKGROUND**

A. <u>State Court Habeas Petitions</u>

This action is plaintiff's fourth court challenge to his gang validation and resulting Secured Housing Unit ("SHU") placement. Before plaintiff filed this federal civil rights action, plaintiff filed a petition for writ of habeas corpus in the Kings County Superior Court and the California Court of Appeal. After the California Court of Appeal denied plaintiff's petition, plaintiff filed a petition for review with the California Supreme Court.

In plaintiff's petition to the Superior Court, plaintiff argued that the information the prison used to validate plaintiff as a gang member was false. Plaintiff asserted there was no evidence of gang activity and he received no notice that he was suspected of gang activity. Plaintiff argued that his placement in the SHU violated due process and plaintiff's First Amendment rights. Plaintiff went on to claim that the respondents were working together to retaliate against plaintiff for his "lawyering activities" and for filing a lawsuit against prison officials. Plaintiff alleged that respondents destroyed the evidence that would have showed that plaintiff properly purchased and obtained those source items[2] with the approval of the prison. The Superior Court denied plaintiff's petition in a written opinion, in which it concluded that there was "some evidence" to support plaintiff's gang validation. (Doc. No. 54, Ex. A, AGO 50-51.)

Plaintiff then filed a petition for writ of habeas corpus in the California Court of Appeal, *In re Furnace*. (*Id.* at AGO 52-191.) In that petition, plaintiff described the sequence of events that resulted in him being validated as an active gang member of the Black Guerilla Family ("BGF") prison gang. He also described the evidence relied upon to validate him, contended he was falsely accused of being a BGF gang member, criticized the investigation by the institutional gang investigations unit ("IGI") as being based on false facts, argued why each of the source items should not have been used to validate him, and argued that evidence was destroyed to show that plaintiff had possessed those source items with the approval of the prison. Plaintiff

---

[2] The "source items" included a book and compact disc bearing the picture of George Jackson, as well as newspaper articles. (Doc. No. 54, Ex. A, AGO 33, 37.)

further argued that he did not receive proper written notice, and alleged that the validation violated his First Amendment right to publications.

Subsequently, the Court of Appeal ordered respondent to file a response and appointed counsel for plaintiff.[3]  In the order appointing counsel, the Court of Appeal directed that counsel file a traverse.  (*Id.* at AGO 192.)  Counsel for plaintiff filed a traverse.  (*Id.* at AGO 195-241.)  Thereafter, the Court of Appeal held a hearing in which the parties orally argued their respective positions.  On June 11, 2010, the Court of Appeal denied plaintiff's petition in a published written opinion.  *In re Furnace*, 185 Cal. App. 4th 649 (2010).  (*Id.* at AGO 242-58.)  In that opinion, the Court of Appeal explained that there was sufficient evidence to validate plaintiff as an active gang member, and that the validation did not violate plaintiff's First Amendment right to receive and possess publications.

Thereafter, plaintiff, through counsel, filed a petition for rehearing, which was denied.  (*Id.* at AGO 259-82.)  Plaintiff, through counsel, also filed a petition for review in the California Supreme Court, which was summarily denied.  (*Id.* at AGO 283-326.)

B.  Federal § 1983 Complaint

Plaintiff alleges that he has been improperly assigned to the SHU for an indefinite amount of time.  Plaintiff claims that IGI Investigators Martinez and Valdez retaliated against him for litigating an unrelated federal case, *Furnace v. Evans*, No. 06-4229 MMC (PR), by initiating a gang validation procedure.  According to plaintiff, Valdez and Martinez proffered that they had evidence linking plaintiff to the BGF prison gang.  Defendants K. Berkler, R.S. Marquez, and E.W. Fischer ultimately validated plaintiff as an active member of the BGF and did so because of their racist predilections and hatred of former Black Panther George L. Jackson, and their willingness to join the "conspiracy" and retaliation started by Martinez and Valdez.  Plaintiff argues that the evidence used to validate him was insufficient.  Plaintiff claims that each of the source items were CDCR approved publications.   Plaintiff claims that Martinez

---

[3] *California Appellate Courts Case Information*, appellatecases.courtinfo.ca.gov, http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=5&doc_id=1914642&doc_no=F058113 (last visited November 4, 2013).

and Valdez destroyed plaintiff's receipt showing that the publications were approved purchases. Plaintiff asserts that defendants validated him based on racial profiling, revenge, and retaliation. Plaintiff also alleges that defendant Giurbino is liable as a supervisor.

## DISCUSSION

Defendants have filed a motion to dismiss. Defendants argue, *inter alia*, that plaintiff's claims are barred by res judicata (claim preclusion) and collateral estoppel (issue preclusion).[4] Defendants argue that plaintiff's claims are barred because plaintiff either expressly litigated them in his state habeas actions or because plaintiff should have, but did not, raise them in his state habeas petitions. Plaintiff argues that res judicata and collateral estoppel are inappropriate in this case because plaintiff did not have a "full and fair opportunity" to litigate these claims in state court.

Under the Federal Full Faith and Credit Statute, 28 U.S.C. § 1738, federal courts must give a state court judgment the same preclusive effect as the state court judgment would receive by another court of that state. *See* 28 U.S.C. § 1738; *Maldonado v. Harris*, 370 F.3d 945, 951 (9th Cir. 2004). There is no exception to the rules of issue and claim preclusion for federal civil rights actions under 42 U.S.C. § 1983. *See Clark v. Yosemite Community College Dist.*, 785 F.2d 781, 788 n.9 (9th Cir. 1986). The Supreme Court has made it clear that a § 1983 claim brought in federal court is subject to principles of issue and claim preclusion by a prior state court judgment. *See Allen v. McCurry*, 449 U.S. 90, 97-98 (1980) (issue preclusive effect in federal court of state proceedings is same as that accorded in state's own courts); *Silverton v. Dep't of Treasury*, 644 F.2d 1341, 1347 (9th Cir. 1981) ("we hold that because of the nature of a state habeas proceeding, a decision actually rendered should preclude an identical issue from being relitigated in a subsequent § 1983 action if the state habeas court afforded a full and fair opportunity for the issue to be heard and determined under federal standards.").

A. <u>Issue Preclusion</u>

The doctrine of res judicata limits litigants' ability to relitigate matters. *Montana v.*

---

[4] Because the court agrees that plaintiff's claims are barred, it is unnecessary to address defendants' additional arguments of a failure to state a claim or qualified immunity.

*United States*, 440 U.S. 147, 153 (1979). Specifically, issue preclusion forecloses "successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim." *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008). In other words, res judicata will bar the relitigation of issues explicitly litigated and necessary to the judgment. *See Hiser v. Franklin*, 94 F.3d 1287, 1292 (9th Cir. 1996). The purpose of this doctrine is to protect against vexatious litigants, to conserve judicial resources, and to minimize the possibility of inconsistent decisions. *Montana*, 440 U.S. at 153-54.

In California, "[c]ollateral estoppel precludes relitigation of issues argued and decided in prior proceedings." *Lucido v. Superior Court*, 51 Cal.3d 335, 341 (1990). "California courts will apply collateral estoppel only if certain threshold requirements are met, and then only if application of preclusion furthers the public policies underlying the doctrine. There are five threshold requirements:

> First, the issue sought to be precluded from relitigation must be identical to that decided in a former proceeding. Second, this issue must have been actually litigated in the former proceeding. Third, it must have been necessarily decided in the former proceeding. Fourth, the decision in the former proceeding must be final and on the merits. Finally, the party against whom preclusion is sought must be the same as, or in privity with, the party to the former proceeding.

'The party asserting collateral estoppel bears the burden of establishing these requirements.'" *In re Harmon*, 250 F.3d 1240, 1245 (9th Cir. 2001) (internal citation omitted).

In plaintiff's SAC, plaintiff claims that defendants retaliated against him for filing a federal lawsuit, there was insufficient evidence to validate him as an active gang member, the validation violated plaintiff's First Amendment right to publications, plaintiff was denied due process because the defendants failed to give him written notice of a disciplinary charge, and the validation violated plaintiff's right to equal protection.

In plaintiff's state petition to the California Court of Appeal, plaintiff raised the identical issues of insufficient evidence, a violation of plaintiff's First Amendment right to publications, and an allegation that plaintiff was denied due process because plaintiff was not given written notice of an accompanying disciplinary charge. (Doc. No. 54, Ex. A at AGO 66-69.) Thus, the

issues of insufficient evidence, due process and the right to publications were identical. The California Court of Appeal appointed counsel for plaintiff, had both parties brief their positions, and held a hearing in which both parties participated. The Court of Appeal issued a published opinion in which it concluded that there was "some evidence" to support the validation, that plaintiff's right to publications was not violated, and that plaintiff's due process claim regarding a lack of written notice of gang activity or disciplinary charge was meritless. Thus, these issues were actually litigated and necessarily decided. In addition, after the Court of Appeal rejected plaintiff's petition, plaintiff filed an unsuccessful petition for rehearing and petition for review. Thus, the Court of Appeal's decision was final and on the merits. Even though the habeas petition normally identifies an inmate's custodian as the "adverse party" rather than the individual wrongdoers, here, the defendants and the custodian, are in privity with each other. *See Sunshine Anthracite Coal Co. v. Adkins*, 310 U.S. 381, 402-03 (1940) ("There is privity between officers of the same government so that a judgment in a suit between a party and a representative of the United States is res judicata in re-litigation of the same issue between that party and another officer of the government."); *Nordhorn v. Ladish Co.*, 9 F.3d 1402, 1405 (9th Cir. 1993) (holding that when two parties are "so closely aligned in interest that one is the virtual representative of the other, a claim by or against one will serve to bar the same claim by or against the other."). Thus, despite plaintiff's argument that he was not given a full and fair opportunity to litigate these claims, the record demonstrates otherwise. The court concludes that plaintiff's claims regarding violations of plaintiff's right to due process – both insufficient evidence and lack of notice – and First Amendment right to publications are barred by collateral estoppel.[5]

---

[5] Defendants do not argue that plaintiff's equal protection claim should be barred because plaintiff previously litigated it. However, defendants suggest that because plaintiff raised his retaliation claim in his petition to the Superior Court, and the Superior Court issed a written opinion, plaintiff's retaliation claim should also be collaterally estopped. However, because there is no evidence that the respondent was ever aware of that petition, and the Superior Court did not explicitly address plaintiff's retaliation claim in its order denying the petition, it is not at all clear that plaintiff's retaliation claim was "actually litigated," much less "necessarily decided." *Cf. In re Harmon*, 250 F.3d 1240, 1247 (9th Cir. 2001) ("a court's silence concerning a pleaded allegation does not constitute adjudication of the issue"); *see also People v. Sims*, 32

Order Granting Defendants' Motion to Dismiss
G:\PRO-SE\LHK\CR.12\Furnace873mtd.wpd        6

B.  Claim preclusion

Defendants argue that all claims – including the remaining retaliation and equal protection claims – are barred by res judicata because they constitute the same "cause of action" as plaintiff's state action in the California Court of Appeal and plaintiff did not raise either claim in his petition to the California Court of Appeal.

Res judicata "'bars all grounds for recovery which could have been asserted, whether they were or not, in a prior suit between the same parties . . . on the same cause of action.'" *C.D. Anderson & Co., Inc. v. Lemos*, 832 F.2d 1097, 1100 (9th Cir. 1987) (citing *McClain v. Apodaca*, 793 F.2d 1031, 1033 (9th Cir. 1986)). Under California law, claim preclusion applies when: (1) the party to be precluded was a party or in privity with a party to the previous adjudication; (2) the second lawsuit involves the same "cause of action" as the first; and (3) there was a final judgment on the merits in the first lawsuit. *San Diego Police Officers' Ass'n v. San Diego City Emps.' Ret. Sys.*, 568 F.3d 725, 734 (9th Cir. 2009). As a result, a "plaintiff cannot avoid the bar of claim preclusion merely by alleging conduct by the defendant not alleged in the prior action, or by pleading a new legal theory." *Gonzales v. California Dept. of Corrs.*, 782 F. Supp. 2d 834, 838 (N.D. Cal. 2011).

    1.  Identity of parties

Here, in both the state habeas action and the federal action, plaintiff alleged that he was wrongfully validated and placed in the SHU as an active BGF member, and accused the same prison officials – underlying defendants K. Berkler, R.S. Marquez, E.W. Fischer, M. Valdez, and R.L. Martinez. Understandably, the form of the action in state court – i.e., a state habeas petition – led plaintiff to identify as the adverse party his custodian in the caption rather than the individual wrongdoers. Plaintiff also named in this federal action CDCR Director Giurbino. In any event, under California claim preclusion rules, the only identity of parties required is the

---

Cal.3d 468, 186 (1982) (stating that an issue is "actually litigated" when it is properly raised by a party's pleadings or otherwise, when it is submitted to the court for determination, *and* when the court actually determines the issue) (emphasis added). Because defendants have not shown that plaintiff's retaliation claim to the Superior Court was decided on the merits, the retaliation claim is not barred by collateral estoppel.

identity of the party against whom preclusion is sought. *See San Diego Police Officers' Ass'n*, 568 F.3d at 734. Here, defendants seek to preclude plaintiff from litigating his civil rights claims in federal court. Unquestionably, plaintiff was a party to the previous state court action. Therefore, the first requirement of claim preclusion is met.

### 2. Same cause of action

In California, a final judgment in state court "'precludes further proceedings if they are based on the same cause of action.'" *Brodheim v. Cry*, 584 F.3d 1262, 1268 (9th Cir. 2009) (quoting *Maldonado v. Harris*, 370 F.3d 945, 951 (9th Cir. 2004)). Under California's "primary rights theory," a "cause of action is (1) a primary right possessed by the plaintiff, (2) a corresponding primary duty devolving upon the defendant, and (3) a harm done by the defendant which consists in a breach of such primary right and duty." *Brodheim*, 584 F.3d at 1268 (citation omitted).

Under the primary rights theory, there is only a single cause of action for the invasion of one primary right. "The most salient characteristic of a primary right is that it is indivisible: the violation of a single primary right gives rise to but a single cause of action." *Crowley v. Katleman*, 8 Cal. 4th 666, 681 (1994) (quoting *Slater v. Blackwood*, 15 Cal.3d 791, 795 (1975)). In determining the primary right, "the significant factor is the harm suffered." *Swartzendruber v. City of San Diego*, 3 Cal. App. 4th 896, 904 (1992), disapproved on other grounds by *Johnson v. City of Loma Linda*, 24 Cal. 4th 61, 72 (2000).

"[I]f two actions involve the same injury to the plaintiff and the same wrong by the defendant then the same primary right is at stake even if in the second suit the plaintiff pleads different theories of recovery, seeks different forms of relief and/or adds new facts supporting recovery." *San Diego Police Officers' Ass'n*, 568 F.3d at 734 (quoting *Eichman v. Fotomat Corp.*, 147 Cal. App. 3d 1170, 1174 (1983)); *see also Kay v. City of Rancho Palos Verdes*, 504 F.3d 803, 809 (9th Cir. 2007) ("California's primary rights theory does not mean that different causes of action are involved just because relief may be obtained under either of two legal theories." (internal quotation marks, citations, and alterations omitted)). In other words, so long as the same primary right is at issue, res judicata "prevents litigation of all grounds for, or

defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding." *Kay*, 504 F.3d at 809 (internal quotation marks and citations omitted).

For example, in *Takahashi*, the plaintiff, a woman of Japanese ancestry, was employed as a high school teacher by the defendant school district. *Takahashi v. Board of Trustees of Livingston Union School Dist.*, 783 F.2d 848, 849 (9th Cir. 1986). Takahashi was terminated following a decision that she was incompetent to teach, and she filed a lawsuit against the district. The trial court and the California Court of Appeal found in the district's favor. Takahashi subsequently filed an action in the United States District Court, alleging that the district had violated her rights under the Fourteenth Amendment of the U.S. Constitution and 42 U.S.C. §§ 1981 and 1983 by terminating her on the basis of her sex and ethnic origin. *Id.* The Ninth Circuit affirmed the district court's grant of summary judgment for the school district on the ground that Takahashi's federal action was barred by res judicata. *Id.* at 852. The primary right that she sought to vindicate in both suits was the contractual right to employment. *Id.* at 851. The Ninth Circuit held that, by couching her claim as one based on unconstitutional discrimination rather than breach of contract, the plaintiff was not asserting a new injury, but rather presenting a new legal theory upon which she sought recovery. *Id.* Thus, her action was barred, because under California principles of res judicata, "[e]ven where there are multiple legal theories upon which recovery might be predicated, one injury gives rise to only one claim of relief." *Id.* (citation omitted); *see also Balasubramanian v. San Diego Community College Dist.*, 80 Cal. App. 4th 977, 992-93 (2000) (res judicata barred plaintiff's suit for failure to hire because "[a]lthough her theory in federal court was discrimination and her theory in state court was breach of contract, both actions involved the primary right to be employed").

Here, plaintiff's previous state court action in the California Court of Appeal alleged insufficient evidence to validate plaintiff, improper written notice of gang activity, and a violation of plaintiff's First Amendment rights. All of these claims stemmed from plaintiff's primary interest to remain free from SHU placement based on unreliable and false evidence. Plaintiff's underlying federal complaint under 42 U.S.C. § 1983 seeks relief for insufficient

evidence, improper written notice, a violation of plaintiff's First Amendment right to publications, a violation of plaintiff's First Amendment right to be free from retaliation, and a violation of the Equal Protection Clause. Still, the "harm suffered" in both plaintiff's state action and in the underlying federal action is identical. Moreover, both the state action and the instant one arise out of the same incident and involve the same actors allegedly performing the same act of initiating gang validation procedures and ultimately validating plaintiff as an active gang member without proper procedural protections. Thus, plaintiff is seeking to vindicate the same primary right in federal court as he was previously in state court. Plaintiff cannot escape claim preclusion simply by now "plead[ing] different theories of recovery" or "seek[ing] different forms of relief." *San Diego Police Officers' Ass'n*, 568 F.3d at 734; *see, e.g.*, *Gonzales v. California Dep't. of Corrections*, 782 F. Supp. 2d 834, 838-41 (N.D. Cal. 2011) (concluding that plaintiff's federal claims of retaliation, other First Amendment rights, violation of equal protection rights, and Eighth Amendment claims were barred by res judicata because they were the same "cause of action" as plaintiff's state habeas action challenging his gang validation and SHU placement, alleging insufficient evidence and First Amendment rights); *Hudson v. Hubbard*, No. 11-1560 BAM, 2013 WL 1345717, *3-4 (E.D. Cal. 2013) (dismissing with prejudice plaintiff's federal action alleging retaliation, concluding that it was barred by res judicata because plaintiff's previous state court action alleging the same injury and harm stemming from the destruction of plaintiff's personal property was same cause of action). The court concludes that this underlying federal lawsuit involves the same "cause of action" as the earlier state court action, and thus the second requirement for claim preclusion is also satisfied.

        3.        <u>Final judgment on the merits</u>

The parties do not dispute that the state habeas action resulted in a final judgment on the merits. The Court of Appeal denied plaintiff's petition in a published written opinion. *In re Furnace*, 185 Cal. App. 4th 649 (2010). (Doc. No. 54, Ex. A, AGO 242-58.) Thereafter, plaintiff filed a petition for rehearing, which was denied. (*Id.* at AGO 259-82.) Plaintiff also filed a petition for review in the California Supreme Court, which was summarily denied. (*Id.* at AGO 283-326.) Accordingly, plaintiff's state habeas action resulted in a final judgment on the

merits.

Plaintiff's federal claims are barred by res judicata.

C. <u>Leave to Amend</u>

Plaintiff has filed a motion for leave to file a third amended complaint. Defendants have filed an opposition, and plaintiff has filed a reply. The court has reviewed plaintiff's third amended complaint and finds that it is substantially the same as plaintiff's SAC. Although Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend "shall be freely given when justice so requires," it is well-established that leave to amend may be denied if the moving party has acted in bad faith, or if allowing amendment would unduly prejudice the opposing party, cause undue delay, or be futile. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008). Amendment would be futile if "'the pleading could not possibly be cured by the allegation of other facts.'" *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) (internal quotation marks omitted)). Because plaintiff's claims are barred under res judicata, the court finds that amendment would be futile and would unduly prejudice the defendants. Accordingly, plaintiff's motion for leave to file a third amended complaint is DENIED.

## CONCLUSION

Because plaintiff claims are all barred under res judicata, defendants' motion to dismiss is GRANTED. The Clerk shall terminate all pending motions and close the file.

IT IS SO ORDERED.

DATED: 11/21/13

*Lucy H. Koh*
LUCY H. KOH
United States District Judge